**RELIANCE INSURANCE COMPANY, Appellant,**

v.

**Rodric FALKNOR, Appellee.**

No. 16014.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 1, 1973.

As Modified on Denial of Rehearing Feb. 22, 1973.

Martin & Masters, Jack R. Martin, Claude B. Masters, Houston, for appellant.

Brown, Kronzer, Abraham, Watkins & Steely, John M. O'Quinn, Houston, for appellee.

BELL, Chief Justice.

Appellant, a foreign corporation with a permit to do business in Texas, carried an uninsured motorist policy of insurance covering appellee. Appellee was injured in an automobile collision. The other party to the collision did not have insurance. Though proper notice of the accident and demand for payment were made appellant refused to pay.

Appellee filed suit against appellant in Brazoria County. Appellant filed its plea of privilege to be sued in Dallas County where its principal office was located. Appellee relied upon Subdivision 27 of Article 1995 to maintain the suit in Brazoria County since appellant had a licensed recording agent there.

Upon hearing the plea of privilege it was overruled and on trial on the merits appellee recovered judgment for $10,000.00 which was the amount of the policy, a penalty of $1200.00 and attorney's fees of $2800.00. The only issue submitted to the jury inquired as to damages suffered by appellee and as to the amount of attorney's fees to be awarded. Appellant, after evidence was introduced, did not contest liability.

Appellant on appeal attacks the court's order overruling its plea of privilege on two grounds. First, it urges that venue was in Dallas County, the place of its principal office, since no part of appellee's cause of action accrued in Brazoria County and it had no "agency or representative" there. Secondly, it contends Subdivision 27 is unconstitutional because it discriminates against foreign corporations.

The undisputed evidence shows that at all material times appellant had a licensed local recording agent in Brazoria County. Article 21.14, Section 2, of the Insurance Code, V.A.T.S., defines a "Local Recording Agent." He is a person engaged in soliciting and writing insurance being authorized to solicit business and to write, sign, execute and deliver policies of insurance and to bind companies on insurance risks.

In the case of Hanover Insurance Company v. Sanford, 457 S.W.2d 115 (Tex. Civ.App.—Beaumont), n. w. h., it was held that a local recording agent created an "agency or representative" within the meaning of Subdivision 27, Article 1995. We are in accord with that holding. The relevant authorities are discussed in the Hanover case.

 Subdivision 27 dealing with foreign corporations allows a suit to be maintained in any county where such a corporation has an agency or representative but Subdivision 23 dealing with domestic corporations does not allow suit against a domestic corporation under such circumstances. Appellant asserts that this discriminates against foreign corporations and renders this part of Subdivision 27 unconstitutional. Such a contention was rejected by this court and the Supreme Court in Commercial Insurance Company of Newark, N. J. v. Adams, 366 S.W.2d 801, writ refused 369 S.W.2d 927.

 The trial court was in error in allowing an attorney's fee of $2800.00 and a penalty of $1200.00. This type of coverage does not come within Articles 3.62 and 3.62–1 Insurance Code. The Texas cases hold that the application of these articles depends on the type of insurance. American Indemnity Co. v. Garcia, 398 S.W.2d 146 (Tex.Civ.App.—San Antonio), ref., n. r. e.; Prudential Ins. Co. v. Torres, 449 S. W.2d 335 (Tex.Civ.App.—San Antonio), ref., n. r. e.; Pan American Fire & Casualty Co. v. Trammell, 322 S.W.2d 13 (Tex.Civ.App.—Dallas), ref., n. r. e., 159 Tex. 627, 325 S.W.2d 383; Dorsey v. Fidelity Union Casualty, 52 S.W.2d ·775 (Tex.Civ.App.—Waco), error dism'd; United States v. United Services, 5 Cir., 431 F.2d 735.

Appellee urges uninsured motorist coverage is accident insurance. We disagree. The policy does not provide that appellant will unconditionally pay the insured for injuries received as a result of acts of an uninsured motorist. It provides the insurer will pay the insured what the insured is legally entitled to recover from the uninsured motorist. Liability is dependent on the uninsured motorist being at fault and the insured being free from fault. Accident insurance, as such, is insurance which pays to the insured indemnity or compensation for injuries sustained by him from certain causes or arising in a certain manner. Appleman, Insurance Law and Practice, Section 16.

The judgment of the trial court is reformed by eliminating the amount of attorney's fees and penalty allowed and as reformed is affirmed.