FRANK A. SMITH SALES, INC. d/b/a
Frank Smith Hyundai, Petitioner,

v.

J.R. "Bobby" FLORES—Guardian
Ad Litem, Respondent.

No. 95–0224.

Supreme Court of Texas.

June 8, 1995.

Stephen P. Carrigan, John B. Beckworth, Anthony L. Laporte, Houston, for petitioner.

Dorina Ramos, McAllen, for respondent.

PER CURIAM.

At issue in this case is the reasonableness of a trial court's award of fees to a guardian ad litem. From the record it appears that the trial court based the fee award in part on post-litigation services to be performed after the conflict of interest which necessitated the ad litem's appointment had been resolved. The court of appeals affirmed the portion of the trial court's judgment awarding the guardian ad litem fee. —— S.W.2d ——.

Both the trial court and the court of appeals rendered judgments prior to our writing in *Brownsville–Valley Regional Medical Center, Inc. v. Gamez*, 894 S.W.2d 753 (Tex. 1995). In *Gamez*, we held that "it is an abuse of discretion for a trial court to award ad litem fees for services performed after resolution of the conflict of interest which gave rise to the appointment." *Id.* at 754. The trial court should have the opportunity to reconsider the ruling of which petitioner complains in this proceeding in light of our opinion in *Gamez*. Accordingly, pursuant to Rule 170 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of this Court grants the application for writ of error, and without addressing the merits of the application, reverses the judgment of the court of appeals and remands this case to the trial court for further proceedings consistent with this opinion.[1]

---

**1.** Given our disposition of this case, we need not address whether there was legally sufficient evi-dence to support the ad litem fee award.