**RIO GRANDE VALLEY GAS COMPANY, Valero Energy Corporation, and Valero Management Corporation, Appellants,**

v.

**Raymundo LOPEZ and Frank Enriquez, Appellees.**

**No. 13–93–597–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 10, 1995.

---

James M. Bettis, Jr., Remy, Bettis & Bickham, Houston, James E. Essig, Liddell, Sapp, Zivley, Hill & LaBoon, Houston, for appellants.

David H. Jones, Edinburg, for appellees.

Before DORSEY, YAÑEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

This is an appeal from the trial court's order awarding guardian ad litem fees. By two points of error, appellants, Rio Grande Valley Gas Co., Valero Energy Corporation and Valero Management Corporation, complain that there was no evidence to support the trial court's award of extraordinary ad litem fees. We reverse and remand.

The underlying case involves personal injuries resulting from an explosion and fire in an apartment building. Josefina Gonzales, an occupant in the apartment, died as a result of the fire. Her two sons, mother, and two minors for whom the mother had legal guardianship suffered injuries. Raymundo Lopez was appointed guardian ad litem to represent the two sons. Frank Enriquez was appointed to represent the other two minors.

The case settled during mediation for a total of $20 million dollars. The combined gross recovery to the two sons represented by Raymundo Lopez was $8,461,364.00. The other two minors represented by Frank Enriquez received a combined gross recovery in the amount of $7,000,000.00. After approving the conditional settlement, the trial court severed the issue of ad litem fees. An evidentiary hearing followed and the result was an award of $126,000.00 to Lopez and $105,000.00 to Enriquez. An additional $7,000.00 was awarded jointly to the guardians ad litem in the event of an appeal.

Appellants raise two points of error in their appeal: (1) the trial court abused its discretion by awarding ad litem fees averaging over $1,750.00 an hour when the record contains no evidence to support such an extraordinary award; and (2) the trial court abused its discretion by awarding fees in the event of an appeal because no evidence was presented to support the award.

■ Rule 173 of the Texas Rules of Civil Procedure authorizes the court to award an ad litem a reasonable fee for his or her services. TEX.R.CIV.P. 173. The amount of compensation awarded to the ad litem lies within the sound discretion of the trial court. *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 794 (Tex.1987). A reviewing court will not overturn a fee award absent evidence showing a clear abuse of discretion. *Id.* If there is no evidence and insufficient evidence to support the award, there has been an abuse of discretion in making the award. *Brown & Root U.S.A., Inc. v. Trevino,* 802 S.W.2d 13, 16 (Tex.App.—El Paso 1990, no writ).

We first address appellants' first point of error. Appellants contend it was an abuse of discretion to award combined ad litem fees in the amount of $231,000.00, plus an additional $7,000.00 in the event of appeal, because the ad litems failed to offer any evidence establishing the reasonable value of their services, the time expended in representing their clients or any evidence detailing the services provided. Appellants also argue that the evidence offered by the ad litems established that the only services they provided were those customarily performed, and that no evidence was presented to justify the extraordinary amount awarded.

■ In response, appellees refer us to the eight factors a trial court may consider in setting a fee award to a guardian ad litem. These factors are: (1) the time and labor involved; (2) the nature and complexity of the case; (3) the amount of money or value of the property or interest involved; (4) the extent of the responsibilities assumed by the attorney; (5) whether the attorney lost other employment because of the undertaking; (6) the benefits resulting to the client from the services; (7) the contingency or certainty of compensation; and (8) whether employment is casual or for an established client. *Valley Coca–Cola Bottling Co. v. Molina,* 818 S.W.2d 146, 149 (Tex.App.—Corpus Christi 1991, writ denied); *Alford v. Whaley,* 794 S.W.2d 920, 925 (Tex.App.—Houston [1st Dist.] 1990, no writ). Appellees contend that the trial court considered and applied these factors in determining the amount of fees, as evidenced by court's findings of fact and conclusions of law, and thus, there was no abuse of discretion. Appellees further argue that the calculation of an hourly rate complained of by appellants is not a factor to be considered by the trial court.

We proceed to review the trial court's findings of fact and conclusions of law. Without going further, we note that the court's relevant findings of fact and conclusions of law reveal that the court based the fee award in part on services to be performed by the guardians ad litem in the future. Finding of fact no. 71 states that "in determining the amount of fees to award Raymundo Lopez and Frank Enriquez, the Court considered and provided compensation for the usual and normal services to be rendered by the attorneys ad litem for their clients during the terms of their respective trusts." Conclusion of law no. 10 states that "an attorney ad litem or guardian ad litem is entitled to compensation for the services to be rendered by the attorney for the beneficiary of a trust during the term of the trust."

■ The Texas Supreme Court recently held that it is an abuse of discretion for a trial court to award ad litem fees for services performed after the resolution of the conflict of interest which gave rise to the appointment. *Brownsville–Valley Regional Medical Cent., Inc. v. Gamez*, 894 S.W.2d 753, 754 (Tex.1995). A trial court can appoint a guardian ad litem pursuant to Rule 173 only when there is a conflict of interest between the minor and next friend. *Id.* at 755. When the conflict of interest no longer exists, the trial court should remove the guardian ad litem. *Id.* The court's ruling was reiterated in a more recent case, *Frank A. Smith Sales, Inc. v. Flores,* wherein the court reversed and remanded to the trial court for reconsideration of a fee award based in part on post-litigation services. *Frank A. Smith Sales, Inc. v. Flores,* 38 Tex.Sup.Ct.J. 783 (June 8, 1995).

■ The record in this case clearly demonstrates that the trial court based a portion of the fee award on post-litigation services. We therefore hold that there was an abuse of discretion. Appellants' first point of error is sustained. The trial court's order does not specify what portion of the award represents compensation for services to be provided in the future. We find it necessary to remand this case to the trial court for reconsideration of the total fee award.

We next address appellants' second point of error which complains of the insufficiency of evidence to substantiate the award of $7,000.00 in fees in the event of appeal.

■ An award of attorney's fees must be supported by competent evidence. *Brown,* 802 S.W.2d at 16 (no evidence presented to support the award of ad litem fees in the event of appeal). A trial court abuses its discretion if it awards ad litem fees in the absence of evidence to support the award. *Valley Coca–Cola,* 818 S.W.2d at 149 (evidence did not support award of $20,000.00 in attorney fees for appeal).

■ The only evidence presented to support the award of appellate ad litem fees at the evidentiary hearing consisted of the testimony of Abel A. Orendain, an attorney, that the appellate fee awarded in the *Coca–Cola* case was reasonable and that the amount of ad litem fees is "really up to the Court's discretion." This evidence alone does not suffice to prove the reasonableness of the appellate portion of the fee award.

The only other evidence presented to the court was the affidavit of David H. Jones which was attached to appellees' Response to Motion to Modify Judgment, Motion for New Trial, and Request for Remittitur. The affidavit stated that $7,000.00 would be a reasonable and necessary attorney's fee for appeal of this case. Appellants contend that the trial court did not authorize the submission of this late-filed evidence and could not have relied on it when it entered judgment since it was filed with the court one month after the judgment was signed.

■ Late filing of a document is discretionary with the trial court. *Parker v. Carnahan,* 772 S.W.2d 151, 154 (Tex.App.—Texarkana, writ denied). Before a late-filed document will be considered, the record must affirmatively indicate the trial court's acceptance of the late-filing. *Id.* The failure to obtain leave of court for late-filing may be cured by the trial court's action in considering the pleading. *Goswami v. Metropolitan Sav. and Loan Ass'n,* 751 S.W.2d 487, 490 (Tex.1988).

The trial court's finding of fact no. 75 states that the court did consider the affidavit in awarding fees in the event of appeal. Although the affidavit was filed late, the trial court had the discretion to accept it. The fact that it was filed and accepted after the judgment was signed is not pertinent because the trial court still had plenary power over the judgment. The affidavit provided the court with the evidence necessary to substantiate the award, therefore, appellants' claim of insufficiency of the evidence is overruled.

Appellants' second point of error further asserts that the award of appellate attorney fees was improper because it was not made contingent upon the success of the appeal.

It is error to penalize a party for taking a successful appeal by taxing attorney's fees which are not conditionally awarded. *Brown*, 802 S.W.2d at 16. The award of ad litem fees for appeal in this case was not conditioned upon whether or not the appellants succeed in their appeal. The award is, therefore, improper. Point of error two is sustained.

The judgment of the trial court is REVERSED and REMANDED to the trial court for reconsideration of the total fee award.