**Heather A. BELGER, Appellant,**

v.

**George B. SWEENEY, Appellee.**

**No. 01–91–00523–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 30, 1992.

Rehearing Denied Aug. 26, 1992.

---

1. No issue has been raised about the applicability of the Statute of Frauds in this case.

Robert Eikel, Houston, for appellant.

G. Byron Sims, James R. Koecher, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL, J., and FRANK C. PRICE, Former Justice (Sitting by Assignment).[1]

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a take-nothing summary judgment in favor of appellee, George B. Sweeney, Jr. (Sweeney). Appellant, Heather A. Belger, had sued claiming personal injuries sustained from a dog bite.

In July 1973, in Karachi, Pakistan, Belger, then five-years-old, went into the Sweeneys' backyard with their permission and was attacked by Sweeneys' dog. She sustained injuries to her head that left residual scarring still present when she filed suit upon reaching age 18.

Sweeney filed a motion for summary judgment supported by Belger's answers to interrogatories, her responses to requests for admissions, portions of the depositions of Mr. and Mrs. Sweeney and the deposition of Belger's expert, Mohammed Kazan Kahn. The Sweeney's summary judgment evidence demonstrated:

(1) they acquired the dog as a puppy and had owned him for three years at the time of the accident;

(2) the dog was not a watch or guard dog, but was a family pet;

(3) the dog had never attacked anybody, nor acted aggressively toward anyone;

(4) the Sweeneys' children, ages 6, 5, and 2 on the date of the incident played with the dog as did other children without any problems.

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

Further proof by way of Belger's responses to interrogatories was that Belger had no knowledge of the propensity of the Sweeneys' dog and based any assertion of viciousness on general knowledge about dogs of this type.

Belger countered Sweeney's motion for summary judgment with a response supported by the affidavit of her father, Fred W. Kelly, Jr. In his affidavit, Kelly stated that to the best of his knowledge, the dog that bit his daughter was a dog of mixed breed of a type that regularly ran at large in the streets; that he had lived in Karachi for six years, commencing in 1973; that in extensive travels around the city, he learned it was common knowledge among the people living in and around Karachi that the type of dog that attacked Belger had a vicious nature. In her brief, Belger also refers to deposition testimony from Khan that people in Pakistan kept "Pi" or street dogs for security reasons. What Belger ignores is that the only evidence concerning the Sweeney dog was that it was not a "Pi" or street dog and was not kept for security.

In his reply to Belger's response, Sweeney asserted that the portion of Kelly's affidavit, concerning the type of Sweeneys' dog, was inadmissible because it was prefaced by the phrase "to the best of my knowledge." Sweeney also asserted that the portion of Kelly's affidavit concerning the vicious nature of the mixed breed dogs was inadmissible as hearsay. The Sweeneys attached to their reply, excerpts from Kelly's deposition wherein he acknowledges he never saw the dog in question, and that his knowledge of the nature of the dog was based on his reading of Mr. Sweeney's deposition where Mr. Sweeney described it as a mixed breed dog.

The trial court signed an order granting the Sweeneys' motion for summary judgment.

■■■ The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant/movant may obtain a summary judgment if he *conclusively* takes one element away from the plaintiff's cause. *Gibbs*, 450 S.W.2d at 828.

■■■ For testimony of an interested witness to establish a fact as a matter of law, it must be clear, direct, and positive with no circumstances in evidence tending to discredit or impeach such testimony. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). The uncontradicted testimony of an interested witness that is clear, direct, positive, and otherwise credible may be treated as conclusive evidence when the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Conversely, the affidavit of an interested party on a matter of which the adversaries have no knowledge or ready means of confirmation does no more that raise a fact issue. *Lewisville State Bank v. Blanton*, 525 S.W.2d 696, 696 (Tex.1975). Evidence favorable to the nonmovant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Most importantly, every reasonable inference must be indulged in favor of nonmovants and any doubts resolved in their favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

■■■ The prerequisites to recovery of damages against the owner of a dog in a case of this type have been well established. A dog's owner is not liable for damages it causes, unless the dog is vicious and the owner has actual or constructive knowledge of that viciousness. *See Searcy v. Brown*, 607 S.W.2d 937, 941 (Tex.Civ. App.—Houston [1st Dist.] 1980, no writ). Belger argues that this common-law rule should be abrogated. We disagree.

Both parties agree there is no direct evidence from which a fact finder could conclude that the Sweeneys knew their dog was vicious. Belger argues, however, that because it was common knowledge in Karachi that dogs like this one are vicious, that the Sweeneys had constructive notice that he was vicious.

In *Soodeen v. Rychel,* 802 S.W.2d 361, 363 (Tex.App.—Houston [1st Dist.] 1990, writ denied), a negligent entrustment case, this Court discussed circumstantial evidence in the context of a summary judgment proceeding:

'An ultimate fact may be established by circumstantial evidence, but the circumstances relied upon must have probative force sufficient to constitute a basis for legal inference. It is not enough that the facts raise a mere surmise or suspicion of the existence of the fact or permit a purely speculative conclusion. The circumstances relied on must be of such a character as to be reasonably satisfactory and convincing, and must not be equally consistent with the non-existence of the ultimate fact.'

*Soodeen,* 802 S.W.2d at 363 (quoting *Texas Dep't of Corrections v. Jackson,* 661 S.W.2d 154, 157 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.)):

In *Soodeen,* the plaintiff, appealing a summary judgment granted against him, argued that a fact finder might infer the car owner's consent was given to the woman who was driving his car from the owner's deposition testimony that (1) he had socialized with the woman 20 times during the year before the accident, (2) he let her sit in his car to wait for him to return and unlocked the car door so that she could do so, (3) he had earlier left an extra ignition key hidden in the car and admitted that a key was found in the car's ignition after the accident, and (4) he did not file theft charges against the driver when he returned, found his car gone, and suspected she had taken it. *Id.* This Court said these items provided no more than a surmise or suspicion of whether the driver gave the woman consent to drive his car and were equally consistent with his deposition testimony indicating he did not give his consent. *Id.* at 363–64. This Court affirmed the summary judgment. *Id.* at 365.

■ We find the circumstantial summary judgment evidence in this case even weaker than that in *Soodeen.* The fact that it was common knowledge in Karachi that mixed breed dogs were vicious, amounts to nothing. The dog in question was not even the type of dog to which that opinion testimony referred. The only evidence concerning the Sweeney's dog established conclusively that they had no reason to believe the dog was vicious. To prevail at trial, Belger would be required to affirmatively prove that the Sweeneys' dog was vicious and that they knew or should have known he was vicious. Belger failed to raise any fact issue in that regard.

We overrule appellant's sole point of error.

We affirm the judgment.

MIRABAL, Justice, dissenting.

I dissent.

I disagree with the majority's conclusion that the summary judgment evidence conclusively establishes (1) that Sweeney's dog was not vicious, and (2) that Sweeney did not have actual or constructive knowledge of any viciousness of his dog.

In her petition, Belger alleged the following:

At all times hereinafter mentioned defendant was the owner or had possession, custody and control of and kept a female, mongrel dog, weighing approximately 35 to 45 pounds of a ferocious and vicious nature. Defendant at all times hereinafter mentioned had knowledge or constructive notice of the vicious nature of the dog.

On July 13, 1973, plaintiff was a young girl 5 years old. On or about that day, plaintiff was in the home of defendant upon the invitation of defendant and/or his wife Molly Sweeney. While so visiting the defendant, the defendant's dog without any provocation on the part of this young girl the plaintiff, viciously

attacked her, jumping upon her and knocking her to the ground and biting her and clawing her on the head and face.

Such vicious and unprovoked attack caused severe wounds and lacerations about plaintiff's head and face, and she sustained severe nervous shock and mental and physical pain and suffering. The facial disfigurement and psychological injury which she suffered are permanent in nature. The dog's vicious and unprovoked attack on the plaintiff, at the time a young girl only five years old, was directly caused by the acts and omissions of defendant in one or more of the following respects:

a.  In permitting this vicious dog to run loose and to have access to this child with knowledge (or with exercise of reasonable diligence he would have had knowledge) of the vicious propensities of this dog.

b.  In failing to keep this vicious dog in a safe or locked pen or enclosure where the dog would not be able to get access to children and children would not be able to get access to the dog.

c.  In failing to keep this vicious dog on a chain or leash or a securely locked enclosure.

d.  In failing to warn this child and others similarly situated of the vicious nature of this dog and the unreasonable risk they would be running if they came in the vicinity of this dog.

e.  In failing to take proper measures to be certain young children such as plaintiff at the time of the attack were kept out of reach of this vicious dog.

f.  In voluntarily permitting this vicious dog to be in the location which it attacked this child or through carelessness and negligence was permitted to be in that location.

g.  In failing to keep and maintain a safe place to entertain visitors by permitting this vicious dog to roam loose, and at will, through defendant's house and grounds, creating a dangerous and unsafe area for children to visit and play. Plaintiff entered this dangerous and unsafe area, by specific invitation (actual or implied) from defendant and/or his wife, Molly Sweeney, whose actions should be imputed to defendant, and without any warning that this vicious dog was in fact loose on defendant's grounds.

Defendant Sweeney moved for summary judgment on the grounds that "absolutely no evidence exists which indicates that, prior to the incident in question, George B. Sweeney's dog was vicious."

The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Evidence favorable to the nonmovant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the nonmovants and any doubts resolved in their favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Dodson v. Kung*, 717 S.W.2d 385, 390 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Havens v. Tomball Community Hospital*, 793 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1990, writ denied). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

Belger's answers to interrogatories are a part of the summary judgment proof.[1] Her sworn responses include the following statements:

Defendant's dog Daharki without any provocation on the part of plaintiff viciously attacked plaintiff jumping upon her and knocking her to the ground and biting her and clawing on the head and face.

[The attack left] scars on left cheek and on head under hair. Other summary judgment evidence establishes that the Sweeneys acquired the dog as a puppy and had owned her for three years at the time of the incident.

In my opinion, even though the Sweeneys stated under oath that their dog was not vicious before the incident in question, and that they had no actual or constructive knowledge of any vicious nature of their dog, their sworn denials did not establish, as a matter of law, that the dog was not vicious or that they, in the exercise of reasonable care, should not have known of the vicious nature of their dog. Further, the fact that Belger, who was five years old at the time of the incident, and her father, who had never seen the dog, were not able to swear that the dog had a history of viciousness, does not entitle Sweeney to summary judgment.

Offsetting Sweeney's self-serving summary judgment evidence is the following:

—The Sweeneys' dog viciously attacked, without provocation, a five-year-old little girl;

—the Sweeneys had owned the dog for three years, acquiring it when it was a puppy, and therefore would reasonably be on notice of the nature of the dog.

The vicious nature of the dog on the date of the incident is clearly supported by the summary judgment evidence. This alone, in my opinion, raises a fact issue about whether the dog was vicious *before* the moment it attacked the little girl. Summary judgment was not proper in this case. I would reverse and remand.

---

1. The record on appeal includes excerpts from Belger's deposition. However, neither party referred to Belger's deposition in the summary judgment pleadings, and we, therefore, do not consider her deposition on appeal. Tex.R.Civ.P. 166a(c).