Gordon Dean **PEARSON**, Appellant,

v.

**JONES COMPANY, LTD.** and Jones Management Corp., Appellees.

No. 11–93–304–CV.

Court of Appeals of Texas, Eastland.

Dec. 15, 1994.

Rehearing Overruled Jan. 12, 1995.

Ordered Published May 31, 1995.

---

1. Act of 1985, 69th Leg., ch. 479, § 1, eff. Sept. 1, 1985.

Carl David Adams, Dallas, for appellant.

Eric D. Fein, Hardin R. Ramey, Dallas, John C. Eichman, Jenkins & Gilchrist, Dallas, for appellees.

Opinion

ARNOT, Justice.

While judging a hunting-dog competition in Jones County, Gordon Dean Pearson was injured when he was thrown from a horse named "Buck." The horse was owned by Jones Company, Ltd., and the competition was sponsored by Big Country Bird Hunters Association, an unincorporated association located in Taylor County. Pearson sued Jones Company, Jones Management Corp., Big Country, and National Shoot-to-Retrieve Field Trial Association, Inc. in Potter County. Jones Company and Jones Management Corp. (Jones) filed a motion to transfer venue. The trial court granted the motion and transferred those causes to Shackelford County where Jones' principal offices are located. The court in Potter County retained jurisdiction of the actions against Big Country and National, who had already filed general denials in that court.[1] In Shackelford County, Jones filed a third-party complaint against Big Country for indemnity. The trial court entered take-nothing summary judgments in favor of Jones against Pearson and in favor of Big Country against Jones. Pearson and Jones appeal. We affirm the summary judgment in favor of Jones. We do not reach Jones' challenges to the summary judgment in favor of Big Country.

Pearson raises three points of error. In the first point, he argues that venue was proper in Potter County and that the claims against Jones should not have been transferred to Shackelford County. In the second point, Pearson asserts that the trial court erred in sustaining Jones' objections to his summary judgment evidence. In the third point, Pearson argues that the trial court erred in granting the summary judgment in favor of Jones. Jones raises only one point of error, contending that the trial court erred

---

1. Big Country and National settled with Pearson, and the Potter County claims were dismissed with prejudice.

in granting summary judgment in favor of Big Country.

■ In addressing Pearson's first point of error, we must review the entire record and determine whether there is any probative evidence that venue was proper in Potter County. *Wilson v. Texas Parks & Wildlife Department*, 886 S.W.2d 259, 261–62 (1994); *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex.1993). If venue was proper in Potter County, then Shackelford County could not have obtained venue as a matter of law. See *Wilson v. Texas Parks & Wildlife Department, supra.* Pearson had the burden to prove that venue was maintainable in Potter County.

Pearson contends that venue was proper in Potter County because National was a foreign corporation doing business in the State of Texas, but not incorporated in Texas, who had an "agency or representative" in Potter County. See TEX.CIV.PRAC. & REM. CODE ANN. § 15.037 (Vernon Supp.1995).[2] The court in *Ruiz v. Conoco, Inc.*, supra at 759, stated:

[V]enue against a corporation may be predicated upon the presence in a county of either an agency—a more or less regular and permanent business operation—or a representative with broad powers to act for the corporation.

The *Ruiz* court determined that the possession of broad power and discretion to act for

the corporation is essential for both types of persons in the venue statute.

Pearson argues that National's first vice-president was such an agent or representative. The record shows that National was an Indiana corporation that had sanctioned some field trial competitions in Potter County. National's first vice-president, Leon Swift, resided in Potter County. According to National's constitution and by-laws, the first vice-president is elected biennially, is limited to two terms, is to perform special duties as assigned by the president, and is to assume the duties of the president "in his absence." With regard to his duties as vice-president, Swift testified that he only made occasional telephone calls from his residence concerning the organization. There is no evidence that National's president was absent or had assigned Swift any special duties. Pearson has not shown that Swift possessed broad powers or discretion to act for National.[3]

■ Pearson also contends that venue was proper in Potter County because National and Big Country made general appearances in Potter County, thereby giving the court venue over Jones as properly joined defendants. See TEX.CIV.PRAC. & REM.CODE ANN. § 15.061 (Vernon 1986). We disagree. By filing answers and making general appearances, National and Big Country waived their right to challenge venue. However, they could not waive Jones' objection to ven-

---

**2.** Section 15.037 provides in part:

Foreign corporations, private or public, joint-stock companies or associations, not incorporated by the laws of this state, and doing business in this state, may be sued [1] in any county in which all or a part of the cause of action accrued, or [2] in any county in which the company may have an agency or representative, or [3] in the county in which the principal office of the company may be situated, or, [4] if the defendant corporation has no agent or representative in this state, then in the county in which the plaintiffs or either of them reside.

Pearson does not assert that the cause of action accrued in Potter County, that National's principal office is located in Potter County, or that National lacks an agent or representative in Texas.

**3.** At oral argument, Pearson argued that several persons, including himself, authorized to act as field trial judges by National, resided in Potter

County. Consequently, Pearson argued that these judges were "representatives" of National for venue purposes. See *Ruiz v. Conoco, Inc., supra.* We disagree.

To establish that the judges were representatives and that they had "broad discretionary powers," appellant introduced the rules, regulations, and guidelines by which the judges may grade dogs. According to the guidelines for conducting field trials, the judges' duties were: to keep the official time during the competition, to collect the dead birds, and to judge the two dogs who participate in each brace by assigning points as set forth in the judging guidelines. The type of discretion with which a judge at a sporting event may rule on a qualification or play is not the same discretion necessary to bind the corporation as discussed in *Milligan v. Southern Express*, 151 Tex. 315, 250 S.W.2d 194 (1952), and *Ruiz v. Conoco, Inc., supra.*

ue. See *Rubenstein Foods, Inc. v. Winter Garden, Inc.*, 589 S.W.2d 511 (Tex.Civ. App.—Corpus Christi 1979, no writ); *LaSorsa v. Burr*, 516 S.W.2d 265 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); *Gilley v. Morse*, 375 S.W.2d 569 (Tex.Civ.App.—Dallas 1964, no writ).[4]

■ Further, we note that the trial court had not previously sustained venue and that no other motions to transfer had been filed or considered when the trial court granted Jones' motion to transfer. Therefore, TEX. R.CIV.P. 87(5)[5] would not apply. If there is probative evidence to support the trial court's determination, the appellate court should defer to the trial court. *Ruiz v. Conoco, Inc., supra.* We hold that there is no probative evidence that venue was proper in Potter County; consequently, the transfer to Shackelford County was proper. Pearson's first point of error is overruled.

In his second and third points, Pearson argues that the Shackelford County trial court erred in sustaining Jones' objections to his summary judgment evidence and in granting Jones' motion for summary judgment. In order to determine if the trial court erred in granting the motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the non-movant indulging all reasonable inferences in favor of the non-movant in order to determine whether the movants proved that there was no genuine issue of material fact and that they were entitled to judgment as a matter of law. See *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). To be entitled to

summary judgment, a defendant must disprove an essential element of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). Once the defendant/movant has disproved an element and established his entitlement to judgment as a matter of law, the plaintiff/nonmovant must present evidence to show that a genuine issue of fact exists. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989); *City of Houston v. Clear Creek Basin Authority, supra* at 678.

■ Pearson's petition alleged that Jones provided an unusually dangerous and defective horse and that Jones and their employees were negligent in providing a dangerous animal, in failing to warn the judges about its dangerous characteristics, in failing to equip the horse with proper riding gear, and in failing to properly supervise employees whose duty it was to assist in handling the horse during the competition. In order for the owner of a domestic animal to be liable for personal injuries caused by that animal, the owner must have known or have had reason to know that the animal possessed dangerous or vicious propensities abnormal to its class or the owner must have been negligent in the handling of the non-vicious or non-dangerous animal. *Marshall v. Ranne*, 511 S.W.2d 255 (Tex.1974); RESTATEMENT (SECOND) OF TORTS §§ 509, 518 (1977); see also *Belger v. Sweeney*, 836 S.W.2d 752 (Tex.App.—Houston [1st Dist.] 1992, writ den'd); *Lewis v. Great Southwest Corporation*, 473 S.W.2d 228 (Tex. Civ.App.—Fort Worth 1971, writ ref'd n.r.e.).

Jones' summary judgment evidence established that, prior to Pearson's injury on March 24, 1990, Jones had no knowledge that

---

4. We are aware that these cases applied TEX. REV.CIV.STAT.ANN. art. 1995, §§ 4 and 29a, which have been repealed and replaced by Section 15.061. However, we find that the statutes are similar and that the logic is well-reasoned and applicable to the present case.

5. TEX.R.CIV.P. 87(5) provides:
   If venue has been sustained as against a motion to transfer, or if an action has been transferred to a proper county in response to a motion to transfer, then no further motions to transfer shall be considered regardless of whether the movant was a party to the prior

proceedings or was added as a party subsequent to the venue proceedings, unless the motion to transfer is based on the grounds that an impartial trial cannot be had under Rules 257–259 or on the ground of mandatory venue, provided that such claim was not available to the other movant or movants.
   Parties who are added subsequently to an action and are precluded by this rule from having a motion to transfer considered may raise the propriety of venue on appeal, provided that the party has timely filed a motion to transfer.

the horse had a dangerous propensity to buck or throw its riders. The affidavit of A.V. Jones, Jr., provided that the 15–year–old horse had been ridden without trouble by various people ranging in age from 7 to 58. The horse had been borrowed on previous occasions for other judges to use in field trial competitions. The evidence from Jones and Guy Eugene Ellis, the employee who took care of the horse for Jones, showed that, although Ellis' wife had fallen off the horse one time, they had no knowledge of the horse bucking or throwing anybody. Ellis stated that the horse occasionally had a "small hump in his back" on cool mornings meaning it was "frisky" and that he had heard some unknown people say "[i]n a figure of speech" the horse was named Buck because it bucked.

In rebuttal, Pearson provided evidence that the horse bucked. However, he failed to show that Jones had any knowledge of these events at the time Pearson was injured. The only evidence regarding Jones' knowledge of the horse' propensity to actually buck was included in the deposition of Dennis Ray Blythe. Sometime after Pearson's injury, Blythe was judging a field trial competition in the Abilene area when Ellis told him that the horse had never thrown Ellis but that "it had thrown his wife several times." The record does not show when the horse threw Ellis' wife or when Ellis obtained the knowledge that the horse had thrown his wife. Therefore, Pearson failed to create a fact issue concerning the knowledge of Jones or Ellis at the time of Pearson's injury.

We hold that there was no genuine issue of fact concerning whether, at the time of Pearson's injury, Jones knew or had reason to know that the horse possessed an abnormally dangerous propensity to throw its riders. See, e.g., *Belger v. Sweeney, supra.* Because Jones did not know nor should have known that the horse was likely to act in a dangerous manner, Jones had no duty to warn others or to make the conditions safe. *Searcy v. Brown,* 607 S.W.2d 937, 941 (Tex.Civ. App.—Houston [1st Dist.] 1980, no writ);

RESTATEMENT (SECOND) OF TORTS § 302 cmt. i and § 388 (1965).

Furthermore, there is no summary judgment evidence that Jones or his employees were negligent in the handling of the horse. The record shows that Big Country sponsored the field trial held on March 24, 1990, and that it borrowed the horse from Jones for one of the judges to ride. Judges customarily rode horses while judging the dogs. Ellis brought the horse to the site of the field trial the night before and placed it in the pen. The next morning, someone who was not associated with Jones saddled the horse and brought it down from the pen for Pearson to ride. Pearson noticed that the horse was "fidgety" and that it was equipped with a hackamore rather than a bit.[6] Ellis' uncontroverted testimony reveals that he brought the horse' gear when he delivered the horse the night before the field trial and that a bridle and a bit were used with the horse, not a hackamore. He was not present when the horse was saddled.

After considering all of the evidence including the evidence referred to in the second point in the light most favorable to Pearson, we hold that the trial court did not err in granting Jones' motion for summary judgment. Pearson's third point of error is overruled; consequently, the second point is moot. Because the take-nothing summary judgment in favor of Jones is upheld, Jones' appeal from the third-party action for indemnity against Big Country need not be addressed. See TEX.R.APP.P. 90(a).

The judgments of the trial court are affirmed.

---

**6.** We note that other summary judgment evidence showed that the horse had on a bridle and

bit the morning of Pearson's injury.