TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00702-CV






John Ogden, Appellant




v.




Estate of Betty Pettus and Louis Troyce Mize, Jr., Appellees







FROM THE DISTRICT COURT OF MONTGOMERY COUNTY, 221ST JUDICIAL DISTRICT

NO. 96-05-01689-CV, HONORABLE LEE G. ALWORTH, JUDGE PRESIDING







 This is an appeal from a summary judgment granted in favor of appellees, Louis
Troyce Mize, Jr. and the Estate of Betty Pettus. We will reverse the judgment of the trial court
and remand the cause for a trial on the merits.


Background and Procedural History


 On October 7, 1994, John Ogden ("Ogden") alleges Betty Pettus' dog, Roxie, ran
into the street and bit him while he was riding his bicycle and pulling his seventeen-month-old son
on a child carrier in front of Pettus' home. During the attack, Ogden alleges he was forced to exit
his bicycle to prevent Roxie from attacking his son. As a result of the attack, Ogden sustained
injuries and sued Ms. Pettus and Louis Troyce Mize, Jr. ("defendants"), (1) alleging negligence and
negligence per se. Defendants moved for summary judgment pursuant to 166a(b) of the Texas
Rules of Civil Procedure contending that because Roxie was not vicious, they owed no duty to
Ogden, and therefore, were entitled to judgment as a matter of law. The trial court granted the
summary judgment. Ogden complains that the trial court erred in granting summary judgment
because a material issue of fact precludes summary judgment, and because the trial court
erroneously shifted the burden to him to produce evidence of a fact issue.


Standard of Review

 The standards for reviewing a summary judgment filed pursuant to Rule 166a(b)
of the Texas Rules of Civil Procedure are well established: (1) the movant has the burden of
showing there is no genuine issue of fact and that it is entitled to summary judgment as a matter
of law; (2) in deciding whether there is a disputed fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true; and, (3) every inference must be
indulged in favor of the non-movant and any doubts resolved in its favor. Nixon v. Mr. Property
Man. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); S & H Mktg. Group, Inc. v. Sharp, 951 S.W.2d
265, 266 (Tex. App.--Austin 1997, no writ).

 When a defendant seeks to obtain summary judgment based on a plaintiff's inability
to prove its case, the defendant must conclusively disprove at least one element of each of the
plaintiff's causes of action. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995); Santanna Nat.
Gas Corp. v. Hamon Oper. Co., 954 S.W.2d 885, 889 (Tex. App.--Austin 1997, pet. denied);
see Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). A matter is "conclusively
established" for summary judgment purposes if ordinary minds cannot differ regarding the
conclusion to be drawn from the evidence. Hall v. Lone Star Gas Co., 954 S.W.2d 174, 176
(Tex. App.--Austin 1997, pet. denied). If the defendant disproves one of the essential elements
of a cause of action, the burden shifts to the plaintiff to produce evidence that raises a fact issue
as to the negated element. Santanna, 954 S.W.2d at 889; see City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Because the propriety of a summary judgment
is a question of law, we review the trial court's decision de novo. Santanna, 954 S.W.2d at 890. 
 A trial court may not grant a summary judgment if the motion and supporting
evidence are insufficient to establish the movant's right to judgment as a matter of law. Jatoi v.
Decker, Jones, McMackin, Hall & Bates, 955 S.W.2d 430, 434 (Tex. App.--Fort Worth 1997,
pet. denied); see Cotton v. Ratholes, Inc., 699 S.W.2d 203, 205 (Tex. 1985). Therefore, in
reviewing the granting of a summary judgment, we must review the evidence to determine if the
movant provided legally sufficient evidence to conclusively negate an element of the non-movant's
cause of action. Fisher v. Yates, 953 S.W.2d 370, 376 (Tex. App.--Texarkana 1997, no pet.)
(although non-movant failed to file controverting summary judgment evidence, court reversed
because movant did not conclusively negate at least one element of non-movant's cause of action
for fraud). Deficiencies in the movant's proof or legal theories may defeat a motion for summary
judgment as a matter of law. Pierson v. SMS Financial II, L.L.C., 959 S.W.2d 343, 348 (Tex.
App.--Texarkana 1998, no pet.).


Negligence

 Ogden alleges that the defendants were negligent because they violated their duty
to keep a dog with known vicious propensities enclosed. The common law doctrine of negligence
consists of three elements: (1) a legal duty owed by one person to another; (2) a breach of that
duty; and (3) damages proximately resulting from that breach. El Chico Corp. v. Poole, 732
S.W.2d 306, 311 (Tex.1987). The threshold inquiry in a negligence case is whether a duty exists. 
Id. If a party negligently creates a situation, it then becomes his duty to do something to prevent
injury to others if it reasonably appears or should appear to him that others may be injured. Id. 
The existence of a duty is a question of law. Mitchell v. Missouri-K.-T. R.R., 786 S.W.2d 659,
662 (Tex.), cert. denied, 498 U.S. 896 (1990).

 In deciding whether to impose a duty, the court must balance such interrelated
factors as the risk, foreseeability, and likelihood of injury against the social utility of the actor's
conduct, the magnitude of the burden of guarding against injury and the consequences of placing
that burden on the defendant. Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525
(Tex. 1990); McIntosh v. NationsBank, 963 S.W.2d 545, 548 (Tex. App.--Houston [14th Dist.]
1997, pet. denied). The foremost consideration in determining the existence of a duty is the
foreseeability of the risk of injury. El Chico Corp., 732 S.W.2d at 311.

 The duty owed by a dog owner is the general duty to exercise reasonable care to
avoid foreseeable injury to others. See id. Whether the risk of injury from a dog bite is
foreseeable depends in part on the owner's actual or constructive knowledge of the vicious
propensities of the dog. Gill v. Rosas, 821 S.W.2d 689, 691 (Tex. App.--El Paso 1991, no writ);
see Dunnings v. Castro, 881 S.W.2d 559, 564 (Tex. App.--Houston [1st Dist.] 1994, writ
denied). That is, it is necessary in a dog bite case to show that the owner of the dog either knew
of its disposition to injure persons or property or that she had knowledge of facts that would put
a person of ordinary prudence on notice that permitting her dog to run at large might result in
assaults or depredations by the dog and consequent injury to others. Searcy v. Brown, 607
S.W.2d 937, 941 (Tex. Civ. App.--Houston [1st Dist.] 1980, no writ).


Negligence Per Se

 Ogden also alleges that defendants' conduct violates section 822.044 of the Health
and Safety Code and a Montgomery County ordinance. Section 822.044 provides that an owner
of a dangerous dog (2) commits an offense if the dog makes an unprovoked attack on another person
outside the dog's enclosure and causes bodily injury. Tex. Health & Safety Code Ann.
§ 822.044(a) (West 1992). According to Ogden's amended petition, the Montgomery County
ordinance provides that an owner shall exercise proper care and control to keep her animals under
control and prevent them from becoming a public nuisance.

 The unexcused violation of a statute constitutes negligence as a matter of law if the
statute was designed to prevent injury to a class of persons to which the injured party belongs. 
Chapa v. Club Corp. of America, 737 S.W.2d 427, 429 (Tex. App.--Austin 1987, no writ). 
Liability can only be imposed if the plaintiff proves the defendant's negligence proximately caused
the injury. Gill, 821 S.W.2d at 691. Proximate cause requires a showing of cause in fact and
foreseeability. Id. Defendants have not offered summary judgment evidence that their conduct
did not violate the statute or county ordinance. Rather, defendants have attempted to negate the
foreseeability of Ogden's injury, and thus liability for any violation of the county ordinance or the
statute, by asserting that Roxie was not vicious. Roxie's lack of vicious propensities does not
negate the foreseeability of injury for a violation of the county ordinance. A dog bite is a
foreseeable result of a violation of a leash law. Thus, the affidavit testimony which attempts to
negate viciousness is not relevant to refute the violation of the county ordinance. Accordingly,
the trial court erred in granting summary judgment on Ogden's negligence per se claim for
violation of the county ordinance. Conversely, viciousness is relevant to a violation of section
822.044, and the affidavits are some evidence to refute liability for a violation of this section. 
However, for the reasons discussed below, we conclude that the affidavit testimony is insufficient
to support a summary judgment on Ogden's negligence per se cause of action for violation of
section 822.044.


Analysis of the Summary Judgment Evidence

 Defendants argue that they are entitled to summary judgment because Roxie was,
as a matter of law, not vicious; therefore, they owed no duty to Ogden. Defendants argue that in
order for a duty to exist, Ogden must establish that defendants knew of the vicious propensities
of the dog. Actual or constructive knowledge of the vicious propensities of the dog is a
component of the foreseeability of the risk of injury, and therefore, the determination of whether
a duty is imposed. See id. However, a showing of viciousness is not necessary when the
allegation is negligent handling. Dunnings, 881 S.W.2d at 562.

 We note that Ogden presents summary judgment evidence that Roxie had been
quarantined for ten days during the year prior to the attack. Ogden argues, without authority, that
a ten-day quarantine is evidence of viciousness since the primary reason a dog is quarantined is
for biting someone. We are not persuaded by Ogden's argument. Reviewing the evidence as we
must, however, we conclude that the summary judgment evidence is legally insufficient to
conclusively negate the element of duty.

 Defendants submit two affidavits to support their position. At the outset, the
affidavits fail to establish the source of Louis and Jimmie's personal knowledge of Roxie's conduct
when Ms. Pettus, now deceased, was Roxie's owner. The affidavits are based on Roxie's conduct
while in Louis's feed store. The affidavits state that no one reported any dangerous propensities
of the dog. The affidavits fail to address Roxie's propensities or past conduct in chasing moving
objects while she was running at large. That is, Roxie's conduct in the feed store, presumably with
her owner in close proximity, does not negate as a matter of law her vicious propensities in a
different setting on a public street while running at large, which is where Ogden was attacked. 
While explaining Roxie's demeanor in the feed store, the affidavits do not state whether Louis
tethered her or kept her in a kennel, or whether she was free to roam about the store.

 The affidavits also fail to address whether defendants should have known about
Roxie's vicious propensities in some location other than the feed store. Even if the affidavits did
so, determining what a reasonable person would have done or should have known are normally
questions of fact, precluding summary judgment. See Santanna, 954 S.W.2d at 892. We also
note that both affidavits fail to state that the facts contained in the affidavits are true and correct,
rendering them legally insufficient. Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex.
1996); Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984).

 Even if the defendants produced legally sufficient evidence, the facts that defendants
are attempting to establish by affidavit--their actual or constructive knowledge of Roxie's vicious
propensities--cannot be readily controverted. In order for testimony of an interested witness to
establish a fact as a matter of law, it must be clear, direct, and positive with no circumstances in
evidence tending to discredit or impeach such testimony. Belger v. Sweeney, 836 S.W.2d 752,
754 (Tex. App.--Houston [1st Dist.] 1992, writ denied). The uncontradicted testimony of an
interested witness that is clear, direct, positive, and otherwise credible may be treated as
conclusive evidence when the opposite party has the means and opportunity of disproving the
testimony, if it is not true, and fails to do so. Id. Conversely, the affidavit of an interested party
on a matter of which the adversaries have no knowledge or ready means of confirmation does no
more than raise a fact issue. Lewisville State Bank v. Blanton, 525 S.W.2d 696, 696 (Tex. 1975);
Belger, 836 S.W.2d at 754. Moreover, issues of intent and knowledge are not susceptible of being
readily controverted and are generally inappropriate for summary judgment. RRR Farms, Ltd. v.
American Horse Protection Assoc., 957 S.W.2d 121, 132 (Tex. App.--Houston [14th Dist.] 1997,
pet. denied) (court held affidavit asserting lack of knowledge of business relationship cannot be
readily controverted even if untrue).

 The defendants are clearly interested witnesses. Thus, to support a summary
judgment the facts contained in defendants' affidavits must be clear, direct, credible and of a kind
that Ogden has the means and opportunity to disprove. Defendants, as Roxie's owners, are in the 
best position to observe her behavior, particularly her behavior while running at large, which was
the situation when Ogden alleged he was injured. Defendants only submitted their own affidavit
testimony to support the position that Roxie was not vicious. They did not submit summary
judgment evidence from a non-owner. We conclude that the facts contained in the affidavits as
written cannot be readily controverted, and therefore cannot support a summary judgment. (3)


Conclusion


 We conclude that defendants' evidence is insufficient to support the summary
judgment. Defendants have not conclusively negated an element of either Ogden's negligence or
negligence per se causes of action. Because defendants' evidence creates a fact issue on Roxie's
vicious propensities, we grant point one. Based upon our disposition of point one, we do not
reach point two. Accordingly, we reverse the summary judgment and remand for a trial on the
merits.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Reversed and Remanded

Filed: November 5, 1998

Do Not Publish

1. Ms. Pettus died April 3, 1996. Ogden substituted the administrator of her estate, Jimmie
L. Mize as a defendant. Jimmie L. Mize is the wife of Louis Mize and the daughter of Betty
Pettus. Louis Mize is listed as Roxie's owner on her veterinary records.
2. A "dangerous dog" means a dog that (A) makes an unprovoked attack on a person that
causes bodily injury and occurs in a place other than an enclosure in which the dog was being kept
and that was reasonably certain to prevent the dog from leaving the enclosure on its own; or, (B)
commits unprovoked acts in a place other than an enclosure in which the dog was being kept and
that was reasonably certain to prevent the dog from leaving the enclosure on its own and those acts
cause a person to reasonably believe that the dog will attack and cause bodily injury to that person. 
Tex. Health & Safety Code Ann. § 822.041 (2) (A) and (B) (West 1992).
3. But see Gill, 821 S.W.2d 690-91 (court held a dog owner's affidavit, which stated, "the dog
had never exhibited any violent propensities or bitten any one before," proved lack of knowledge
of dog's propensity for violence sufficient to support summary judgment).


 defendants
are attempting to establish by affidavit--their actual or constructive knowledge of Roxie's vicious
propensities--cannot be readily controverted. In order for testimony of an interested witness to
establish a fact as a matter of law, it must be clear, direct, and positive with no circumstances in
evidence tending to discredit or impeach such testimony. Belger v. Sweeney, 836 S.W.2d 752,
754 (Tex. App.--Houston [1st Dist.] 1992, writ denied). The uncontradicted testimony of an
interested witness that is clear, direct, positive, and otherwise credible may be treated as
conclusive evidence when the opposite party has the means and opportunity of disproving the
testimony, if it is not true, and fails to do so. Id. Conversely, the affidavit of an interested party
on a matter of which the adversaries have no knowledge or ready means of confirmation does no
more than raise a fact issue. Lewisville State Bank v. Blanton, 525 S.W.2d 696, 696 (Tex. 1975);
Belger, 836 S.W.2d at 754. Moreover, issues of intent and knowledge are not susceptible of being
readily controverted and are generally inappropriate for summary judgment. RRR Farms, Ltd. v.
American Horse Protection Assoc., 957 S.W.2d 121, 132 (Tex. App.--Houston [14th Dist.] 1997,
pet. denied) (court held affidavit asserting lack of knowledge of business relationship cannot be
readily controverted even if untrue).

 The defendants are clearly interested witnesses. Thus, to support a summary
judgment the facts contained in defendants' affidavits must be clear, direct, credible and of a kind
that Ogden has the means and opportunity to disprove. Defendants, as Roxie's owners, are in the 
best position to observe her behavior, particularly her behavior while running at large, which was
the situation when Ogden alleged he was injured. Defendants only submitted their own affidavit
testimony to support the position that Roxie was not vicious. They did not submit summary
judgment evidence from a non-owner. We conclude that the facts contained in the affidavits as
written cannot be readily controverted, and therefore cannot support a summary judgment. (3)


Conclusion


 We conclude that defendants' evidence is insufficient to support the summary
judgment. Defendants have not conclusively negated an element of either Ogden's negligence or
negligence per se causes of action. Because defendants' evidence creates a fact issue on Roxie's
vicious propensities, we grant point one. Based upon our disposition of point one, we do not
reach point two. Accordingly, we reverse the summary judgment and remand for a trial on the
merits.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Reversed and Remanded

Filed: November 5, 1998

Do Not Publish

1. Ms. Pettus died April 3, 1996. Ogden substituted the administrator of her estate, Jimmie
L. Mize as a defendant. Jimmie L. Mize is the wife of Louis Mize and the daughter of Betty
Pettus. Louis Mize is listed as Roxie's owner on her veterinary records.
2. A "dangerous dog" means a dog that (A) makes an unprovoked attack on a person that
causes bodily injury and occurs in a place other than an enclosure in which the dog was being kept
and that was reasonably certain to prevent the dog from leaving the enclosure on its own; or, (B)
commits unprovoked acts in a place other than an enclosure in which the dog was being kept and
that was reasonably certain to prevent the dog from leaving the enclosure on its own and those acts
cause a person to reasonably believe that the dog will attack and cause bodily injury to that person. 
Tex. Health & Safety Code Ann. § 822.041 (2) (A) and (B) (West 1992).
3. But see Gill, 821 S.W.2d 690-91 (court held a dog owner's affidavit, which stated, "the dog
had never exhibited any violent propensities or bitten any one before," proved lack of knowledge
of dog's propensity for violence sufficient to support summary judgment).