JONES V. GILL

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-298-CV

TERRY JONES, INDIVIDUALLY, APPELLANTS

AND ROBERT JONES, INDIVIDUALLY, 

AND AS NEXT FRIEND OF 

SAMANTHA JOE JONES, 

A MINOR 

V.

RENEE GILL APPELLEE

------------

FROM THE 236
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal of a no-evidence summary judgment granted in Appellee Renee Gill’s favor in an alleged dog bite case.
  Appellants Terry Jones, Individually, and Robert Jones, Individually and as Next Friend of Samantha Joe Jones, a minor (collectively, “Appellants”) contend in a single issue that the trial court erred in granting the summary judgment because there are genuine issues of material fact as to their claim of Gill’s negligence.  We affirm.

I.  Factual and Procedural Background

Gill had taken her Dalmatian dog named Lucas to work virtually every day for the five years she had owned him.  Lucas spent a significant amount of time at Gill’s place of employment at Sportswear World, a sports apparel retail outlet.  Sportswear World specializes in team uniforms and other group sales to schools, churches, and other organizations.  

Gill kept Lucas behind a counter in the store during business hours.  Lucas was allowed to move about the store when Gill did not have it open for business.  On December 29, 1999, Samantha Jones, age ten, entered Gill’s place of employment and was injured by Lucas.  Gill and the store’s owner, Charles Worley, stated that the store was closed on the date of the incident, as it had always been closed during the week between Christmas and New Year’s Day.   Gill had recently taken care of a business owned by Rick and Peggy Merritt, Samantha’s uncle and aunt, while they were out of town.  Ms. Merritt called Gill at the store on December 29, 1999 and asked Gill where she was at the time, so she could pay Gill for her previous work for the Merritts.  Ms. Merritt arranged to meet Gill at Sportswear World.  Ms. Merritt entered the store by herself, instructing Samantha and her grandchildren to remain in the car.  According to Gill, the children nevertheless entered the store, and Ms. Merritt admonished the children in front of Gill that she had told them to wait in the car.  On the day of the incident, Lucas and Gill’s daughter’s dog Roby, a seven month-old Jack Russell Terrier weighing about one pound, were in the store.  
It was not uncommon for Gill to bring both dogs to the store.  When the children came into the store, they ran up to the dogs to pet them.
  Roby whimpered under a bar stool, and Lucas was in the middle of the scene trying to see what was happening.  Lucas barked, Samantha leaned down, and Lucas either collided with or bit the child and split her lip.  The incident occurred within a very short period of time—less than a minute after the children entered the store.  

Appellants filed suit against Renee Gill and Charles Worley, Individually and d/b/a Sportswear World, and North Davis Plaza, Inc.  In their second amended petition, Appellants alleged several causes of action: negligence, negligence per se, premises liability, and respondeat superior.  Appellants alleged that Defendants Gill and Worley acted negligently in: handling Lucas; keeping the dog in the store during normal business hours; failing to properly restrain the dog when they knew or should have known that it posed a high risk of danger to Samantha; and failing to provide reasonable and adequate warnings concerning the high risk of danger to Samantha.  Appellants also claimed negligence per se based on their assertions that Gill violated City of Arlington leash laws.  

Gill moved for and the trial court granted a no-evidence summary judgment on all claims in favor of Gill on July 25, 2003.
(footnote: 2)  Appellants appeal the summary judgment only as to their negligent handling claim against Gill.
(footnote: 3) 

II.  Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered.  
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 

Less than a scintilla of evidence exists when the evidence is so weak that it does nothing more than create a mere surmise or suspicion of a fact.  
Kindred v. Con/Chem, Inc.,
 650 S.W.2d 61, 63 (Tex. 1983).  More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to reach different conclusions.  
Merrell Dow Pharm., Inc. v. Havner,
 953 S.W.2d 706, 711 (Tex. 1997). 

III.  Analysis

Because Appellants’ only challenge on appeal concerns the negligent handling claim, that is the only cause of action we will address.  
See Walling v. Metcalfe
, 863 S.W.2d 56, 58 (Tex. 1993) (“[T]he courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error.”) 

A.  Negligent Handling of an Animal

A plaintiff must satisfy four elements to establish a negligent handling of an animal claim: (1) the defendant was the owner or possessor of an animal;  (2) the defendant owed a duty to exercise reasonable care to prevent the animal from injuring others; (3) the defendant breached that duty; and (4) the defendant's breach proximately caused the plaintiff's injury.  
Allen ex rel B.A. v. Albin
, 97 S.W.3d 655, 660 (Tex. App.—Waco 2002, no pet.)
 (citing 
Marshall v. Ranne
, 511 S.W.2d 255, 259 (Tex. 1974); 
Dunnings v. Castro
, 881 S.W.2d 559, 561–62 (Tex. App.—Houston [1st Dist.] 1994, writ denied)).
  Appellants contend they produced summary judgment evidence raising genuine issues of fact as to each element of the alleged negligent handling claim.  Gill responds that the trial court correctly granted the summary judgment because Appellants failed to produce evidence that Gill had or breached a duty owed to Samantha or that any such breach was a proximate cause of Samantha’s injuries. 

B.  Duty

Duty is a question of law.  
Thapar v. Zezulka
, 994 S.W.2d 635, 637 (Tex. 1999).  The Supreme Court of Texas has recognized a duty owed by the owner or possessor of a nonvicious animal to exercise reasonable care to prevent the animal from injuring others.  
Marshall
, 511 S.W.2d at 258 (citing 
Restatement of Torts 
§518 (1938)
;  
Allen
, 97 S.W.3d at 660.  In a negligent handling case, the plaintiff is not required to prove that the animal is dangerous or vicious, as in a strict liability case.  
Allen
, 97 S.W.3d at 660 (citing 
Pearson v. Jones
 
Co
., 898 S.W.2d 329, 332 (Tex. App.—Eastland 1994, no writ)).  

We agree with the Waco Court of Appeals that the Second Restatement accurately 
sets forth the duty as adopted in Texas:  “[O]ne who possesses or harbors a domestic animal that he does not know or have reason to know to be abnormally dangerous, is subject to liability for harm done by the animal if, but only if, (a) he intentionally causes the animal to do the harm, or (b) he is negligent in failing to prevent the harm.”  
Allen, 
97 S.W.3d at 665 (quoting 
Restatement
 
(Second) of Torts
 § 518 (1977)).  The commentary explains: “One who keeps a domestic animal that possesses only those dangerous propensities that are normal to its class is required to know its normal habits and tendencies.  He is therefore required to realize that even ordinarily gentle animals are likely to be dangerous under particular circumstances and to exercise reasonable care to prevent foreseeable harm. . . . [Thus] the keeper of an ordinarily gentle [female dog] or cat is required to know that while caring for her puppies or kittens she is likely to attack other animals and human beings.”  
Id. 
(quoting
 
Restatement
 
(Second) of Torts
 § 518 cmt. h).  Accordingly, Gill, as Lucas’s owner, owed a duty to exercise reasonable care to prevent Lucas under particular circumstances from injuring others.       

C.  Breach of Duty

To defeat the summary judgment, Appellants were required to show that the dog owner breached the standard of reasonable care.  
Thompson v. Curtis
, 127 S.W.3d 446, 451 (Tex. App.—Dallas 2004, no pet.).  That standard is defined as what a reasonable prudent person would or would not have done “under the same or similar circumstances regarding any reasonably foreseeable risk.”  
Allen
, 97 S.W.3d at 666 (citing
 Colvin v. Red Steel Co.
, 682 S.W.2d 243, 245 (Tex. 1984)
).  Therefore, Appellants must have presented more than a scintilla of evidence establishing that Gill did not act as a reasonable prudent person would have acted in the same or similar circumstances with respect to Lucas.  
Allen
, 97 S.W.3d at 666 (citing 
Colvin
, 682 S.W.2d at 245).

In response to Gill’s motion for summary judgment, Appellants filed and relied upon testimony from Gill’s and Worley’s depositions in an effort to show Gill had knowledge that Lucas had particular habits or tendencies rendering him dangerous to others under certain circumstances.  Appellants contend the testimony established that Lucas “ferociously” bit Samantha, that Lucas became “violent,” that Lucas had given a “warning bark” on occasion, that he might have been protecting Gill and Roby at the time of the incident, and that the obnoxious behavior of the children might have scared the dogs.  However, Gill merely testified that, when the children ran up to pet the dogs, Lucas was “trying to see what was going on . . . just in the middle of everything.  And he barked and Samantha leaned down, and that’s when it happened.” 

Appellants contend that because Gill kept Lucas behind the counter when the store was open to the public, an inference could be drawn that the reason for doing so was to protect others from injury, considering other testimony of Lucas’s history of acting aggressively toward strangers.   However, we have found no evidence of aggressive behavior.  Moreover,  Worley knew Gill had adopted Lucas as a puppy seven or eight years previously, that he had a “very friendly, loving” disposition, he might “bark” at people walking outside or dogs coming into the veterinarian’s clinic next door, but he was not a “barker.”   Worley had seen Lucas bark at the door at someone outside but did not know that he had ever heard Lucas growl.  He was not aware of Lucas ever biting another person or being vicious toward a person or other animals.  Additionally, Gill testified the only reason she kept the dogs behind the counter during business hours was “so they won’t sniff the people . . . because they like people.”   

Absent evidence of any reason for Gill to believe that Lucas might act aggressively toward strangers, we believe it would be pure speculation to infer that Gill’s habit of keeping Lucas behind the counter when the business was open was to protect the public from danger.  Indeed, Gill also kept Roby, the Jack Russell puppy, behind the counter.  It would be equally possible even without Gill’s testimony to conclude that she kept them there to protect customers from the dogs’ friendliness or
, as the trial court suggested, to keep the public from tripping over Lucas if he lay in front of the door.  The only other testimony relied upon by Appellants is that Lucas occasionally barked.  Dogs bark for many reasons and sometimes for reasons known only to themselves.  We conclude that the evidence relied upon by Appellants is, at best, no more than a scintilla and failed to create an issue of fact that Gill breached a duty to  Samantha under the particular circumstances.

In 
Allen
, a toddler who was in the care of a daycare provider was injured through a chain-link fence by a dog in an adjoining yard.  
Id
. at 658. 
The dog 
was in its owner’s yard when the child approached the common fence and was bitten or scratched by the dog.  The court found no evidence of a breach of the dog owner’s duty, and upheld the no-evidence summary judgment as to negligent handling of an animal in the dog owner’s favor.  
Id.  
“In responding to [the dog owner’s] no-evidence summary-judgment motion, Allen was required to produce evidence of the element of breach, 
i.e.,
 (a) that [the dog owner] did not act as an ordinarily prudent person would have in handling the dog, or (b) in Allen's words, evidence that [the dog owner] failed to take ‘reasonable steps’ in handling the dog.”  
Id.
 at 666.

Like the dog in 
Allen
, Gill had Lucas restrained in a place where he had a right to be.  In addition, no evidence was presented showing that Gill knew or should have known that her dog would injure someone, or that she behaved differently than a reasonably prudent dog owner would have under the same circumstances.  Samantha entered the store without invitation while the store was closed for business and contrary to instructions to wait in her aunt’s car.  In addition, the incident occurred within a minute of the child entering the store.   The owner of a domestic animal is not liable for “injuries caused by it in a place where it has a right to be,” unless the owner knew or should have known of the vicious or unruly nature of the animal.  
Lewis v. Great S.W.  Corp.
, 473 S.W.2d 228, 230 (Tex. Civ. App.—Fort Worth 1971, writ ref’d n.r.e.) (citing 
Clarendon Land, Inv. & Agency Co. v. McClelland
, 89 Tex. 483, 489, 34 S.W. 98, 100 (1896)).  
In 
Rodriguez v. Haddock
, this court upheld a no-evidence summary judgment in the dog owner’s favor because the appellant did not produce evidence that the owner knew or should have known that his dog had dangerous propensities, a factor that we emphasized because the dog was in its own home at the time of the incident.  
See
 No. 2-01-386-CV, 2003 WL 1784923, at *2 (Tex. App.—Fort Worth 2003, no pet.) (not designated for publication) (“Because the dog bit Appellant while it was in its own home, Appellant must show more than a mere scintilla of evidence that Appellee knew or should have known of the dog's dangerous nature under her negligence theory as well as her strict liability theory.”)  In 
Petry v. Gasca
, the court stated that the “owner of a domestic animal is not liable for injuries caused by the animal when it is in a place where it has a right to be,” finding no negligence on the dog owner’s part, and reversing the lower court’s judgment and award of damages because there was no evidence that the animal had dangerous propensities.  
No. A14-93-00433-CV, 1994 WL 132772, at *1 (Tex. App.—Houston [14th Dist.] 1994, no writ) (not designated for publication).  In 
Stakes by Anthony v. Waits
, the court upheld a jury verdict which found that the dog owners were not negligent in failing to restrain their dog, and that their failure to restrain the dog was not a proximate cause of the injury because it was not foreseeable that the dog would bite anyone if it were unrestrained.  
No. 01-88-00055-CV, 1989 WL 27306, at *2 (Tex. App.—Houston [1st Dist.] 1989, writ denied) (not designated for publication).  In 
Searcy v. Brown
, the court affirmed a take nothing judgment in favor of the dog owner, stating that, because the dog was on the owner’s property, the owner did not owe a duty to warn a licensee who entered the property to inquire about it or to make conditions safe on his property.  
607 S.W.2d 937, 941 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ).  In the cases noted, the courts held that dog owners were not negligent if the injury occurred where the dog had a right to be and the owner had no knowledge of any dangerous propensities.  
Id
. 

The 
Petry
 court reversed the jury verdict and damages, and rendered a take nothing judgment in the dog owner’s favor because the court found that there was no evidence to support the verdict on either strict liability or negligence theories.  
1994 WL 132772, at *1. 
 The court stated:

In a negligence case, the plaintiff must show that the owner had actual or constructive notice of facts which would put an ordinary person on notice that allowing the dog to run at large would cause someone injury. 
 However, a dog on its master's premises is not “running at large,” and the owner of a domestic animal is not liable for injuries caused by the animal when it is in a place where it has a right to be. 

Id.
 (internal citations omitted).

The 
Petry
 court found that the dog was 
not
 dangerous, even though there was evidence that it had growled and snarled at a mailman in the past.  
Id.
 at *2.  
The court also asserted that “the evidence that appellant’s son put the dog in his room when [the injured girl] came to visit is not proof that the family had knowledge that the dog was vicious.  
We can conceive of many other reasons why the son would put the dog in another room when they had a visitor, and no evidence of the son's reason for doing so was presented
.”  
Id. 
at 3 (emphasis added).

The fact pattern in 
Petry
 is similar to the facts concerning Appellee Gill’s dog.  The dogs were in places they had a right to be when the incidents occurred.  The girls in both cases were injured after they entered the premises where the dogs were with their respective owners.  Neither child was invited into the premises.  The victim in 
Petry
 was told to wait on the porch but went in the front door despite the admonition.  The victim in this case was not invited to come into the store, which was not open for business at the time, and had initially remained in the car while her aunt went inside the store.  
Id
.  
In addition, the injured parties in both cases attempted to show that the owners’ habits of restraining the dogs differently at other times (behind the counter or in a bedroom) was proof of the owners’ knowledge of the dogs dangerous propensities, but the 
Petry
 court refused to impute knowledge based on the owner’s habit.  
Id
.
  

IV.  Conclusion

We hold that the trial court’s no-evidence summary judgment was proper because the appellants failed to produce more than a scintilla of evidence to establish genuine issues of material fact as to whether Gill breached her duty to act as a reasonable prudent person under the circumstances.  We overrule the appellants’ sole issue and affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  March 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The trial court dismissed the individual claims of Terry and Robert Jones against North Davis Plaza on December 20, 2002.  Appellants also settled all claims with Worley, Individually and d/b/a Sportswear World, and North Davis Plaza on December 5, 2003.   

3:
Texas provides three common law causes of action for individuals who have been injured by a dog or other domestic animal.  
Thompson v. Curtis
, 127 S.W.3d 446, 449 (Tex. App.—Dallas 2004, no pet.).  An injured person may sue the owner or keeper of the animal under a strict liability theory based upon the owner’s knowledge of vicious characteristics of an animal abnormal to its class, or for negligence.  In addition, injured parties may sue a property owner or occupier under a premises liability theory.  
Baker v. Pennoak Props., Ltd.
, 874 S.W.2d 274, 277 (Tex. App.—Houston [14th Dist.] 1994, no writ).  Appellants did not allege a claim for strict liability in this case.