NO.
12-05-00041-CV

 

              IN THE COURT OF APPEALS

 

 TWELFTH COURT OF APPEALS DISTRICT

 

                             TYLER, TEXAS

 

 

                                                                             '     APPEAL
FROM THE 

 

 

 

IN RE: ESTATE OF                                         '     COUNTY
COURT AT LAW NO. 3 OF

EARLE STANTON,

DECEASED

 

                                                                             '     SMITH
COUNTY, TEXAS

 





                                                     MEMORANDUM
OPINION

Carnegie H. Mims, Jr.,
individually and as former temporary administrator of the Estate of Earle
Stanton (the AEstate@), appeals the trial court=s award of $7,459.10 to J. Scott Killough, the
attorney ad litem for the unknown heirs of the Estate.  Mims, in two issues, contends that the trial
court abused its discretion by denying his motion for continuance and by
approving the attorney ad litem=s application for fees and expenses.  We affirm.

 

                                                               Background

Earle Stanton, an only
child, died without a will as a resident of Smith County.  He was unmarried with no children, and his
heirs were the descendants of his parents= siblings.  See
Tex. Prob. Code Ann. ' 38(a)(3) (Vernon 2003).  The trial court appointed Killough as the
attorney ad litem for the unknown heirs of the Estate and Mims as the temporary
administrator of the Estate.  Mims=s appointment later expired by operation of
law.  Id. ' 131A(a).








On November 9, 2004,
Killough filed an Application for Payment of Attorney Ad Litem Fees and
Expenses with an attached affidavit (the AApplication@) requesting payment in the amount of
$7,459.10.  Mims filed an objection to
the Application.  On December 2, 2004,
the trial court set Killough=s Application for hearing on January 7, 2005 at
10:00 a.m.  On January 5, 2005, Mims
faxed a motion for continuance to the Smith County Probate Auditor requesting
that the January 7 hearing be continued due to the deaths of both a close
friend and his brother-in-law.  The
probate auditor declined to file Mims=s motion because she was not approved to accept
facsimile filings.  According to
Killough, he attempted to file a written response to Mims=s motion for continuance.  However, the clerk of the court refused to
file his response because Mims=s motion was unfiled. 

On January 7, the trial
court took up Mims=s motion for continuance and Killough=s Application. 
Killough appeared in person and Mims appeared by telephone.  The trial court denied Mims=s motion for continuance because it was not properly
or timely filed.  The trial court
informed Mims that he would be allowed to present his objections to the
Application.  Mims responded Aforget you@ and hung up on the trial court.  After Mims=s emphatic  refusal to continue to participate in the
hearing, the trial court heard Killough=s Application and approved payment of ad litem fees
and expenses in the amount of $7,459.10. 
This appeal followed.  

 

                                                  Motion for
Continuance

In his first issue,
Mims contends that the trial court abused its discretion when it denied his
motion for continuance.  AThe granting or denial of a motion for continuance
is within the trial court=s sound discretion.@  General Motors Corp. v. Gayle,
951 S.W.2d 469, 476 (Tex. 1997).  An
appellate court may reverse a trial court for an abuse of discretion only if,
after searching the record, it is clear that the trial court=s decision was arbitrary and unreasonable.  Simon v. York Crane & Rigging Co.,
Inc., 739 S.W.2d 793, 795 (Tex. 1987). 
We only find an abuse of discretion when the trial court=s decision is arbitrary, unreasonable, and without
reference to guiding principles.  MercedesBBenz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996).  A trial court is presumed to have correctly
exercised its discretion when it denies a motion that does not comply with the
rules governing continuances.  Dallas
Indep. Sch. Dist. v. Finlan, 27 S.W.3d 220, 236 (Tex. App.BDallas 2000, pet. denied).  Parties who file a motion for continuance
must show that they have exercised diligence in prosecuting the case under all
applicable procedural rules.  See id.;
Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986).  








Mims attempted to file his motion for continuance by
facsimile.  The Smith County Probate
Auditor refused to file the motion because she did not have the authority to
accept facsimile filings.  See Tex. Gov=t. Code '' 51.803, 51.807 (Vernon 2005); see also Loc. Smith County R. of Civ. Trial
(Judicial District Courts and County Courts at Law) 1-10.  Further, Mims did not confer with Killough
prior to filing his motion and did not file his motion timely.  See id. at 2.1 (requiring
certificate of conference on all motions), 2.8(1) (requiring all motions for
continuance to be filed in writing at least seven days prior to the hearing,
except for good cause shown).  Trial
courts are authorized to adopt local rules governing practice before them.  See Tex.
R. Civ. P. 3a.  Litigants are
charged with knowledge of local rules.  See
Mayad v. Rizk, 554 S.W.2d 835, 839 (Tex. Civ. App.BHouston [14th Dist.] 1977, writ ref=d n.r.e.). 
Moreover, Mims did not file an affidavit with the motion for
continuance.  No application for
continuance may be granted without an affidavit explaining the reason for the
continuance.  See Tex. R. Civ. P. 251. 

Mims did not follow the procedures established by
the Texas Rules of Civil Procedure and the Smith County Local Rules in filing
his motion for continuance.  Therefore,
the trial court did not abuse its discretion in denying Mims=s motion for continuance.  See Dallas Indep. Sch. Dist.,
27 S.W.3d at 236.  Mims=s first issue is overruled.

                                                Approval of Fee Application

In his second issue, Mims contends that the trial
court abused its discretion by approving Killough=s
Application for attorney=s fees and expenses.  The amount of an attorney ad litem=s fee is within the trial court=s sound discretion and, absent evidence illustrating
a clear abuse of discretion, a reviewing court will not set aside the
allowance.  Dalworth Trucking Co.
v. Bulen, 924 S.W.2d 728, 738 (Tex. App.BTexarkana
1996, no writ) (citing Simon, 739 S.W.2d at 794).  The affidavit attached to Killough=s Application provided the trial court with
probative evidence necessary to substantiate the award.  See Rio Grand Valley Gas Co. v.
Lopez, 907 S.W.2d 622, 626 (Tex. App.BCorpus
Christi 1995, no writ).  

Because there was uncontroverted probative evidence
in the record to support the attorney ad litem=s
request for fees and expenses, the trial court did not abuse its discretion in
granting Killough=s Application. 
Mims=s second issue is overruled.

                                                                    Disposition 

Having overruled both Mims=s issues, the judgment of the trial court is affirmed.

    
JAMES T. WORTHEN    

    
Chief Justice

Opinion
delivered February 15, 2006.

Panel consisted of Worthen, C.J., Griffith, J.
and DeVasto, J.

 

                                                                       (PUBLISH)